Montgomery v. Holland

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand twenty.

**PRESENT:**
>**DEBRA ANN LIVINGSTON,**
>>*Chief Judge,*
>**JOSÉ A. CABRANES,**
>**GERARD E. LYNCH,**
>>*Circuit Judges.*

---

**Wilhelmina "Mina" Montgomery,**

>*Plaintiff-Appellant*,

>**v.**                                                    **19-3665**

**NBC Television, Lionsgate Entertainment Corporation, Scott Abbott, Cinestar Pictures, LLC, James Wong, Robert Bernacchi, Alixandre Witlin, Joshua D. Maurer, Mariel Saldana, Zoe Saldana, Netflix, Inc., City Entertainment, Kippster Entertainment, Lionsgate Television, NBC Universal Media, LLC,**

>*Defendants-Appellees*,

**Agnieszka Holland, David A. Stern, Time Warner, Inc., Cicely Saldana, Tom Patricia, Federation Entertainment, Liaison Films, Kasia Adamik,**

*Defendants*.

_____

FOR PLAINTIFF-APPELLANT:                          Wilhelmina "Mina"
                                                  Montgomery, pro se,
                                                  Brooklyn, NY.


FOR DEFENDANTS -APPELLEES:                         Tom J. Ferber, Ross M.
                                                  Bagley, Pryor Cashman LLP,
                                                  New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Broderick, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Wilhelmina "Mina" Montgomery, proceeding pro se, sued companies and individuals associated with a two-part miniseries called "Rosemary's Baby," alleging that the miniseries infringed on her copyright on two short stories, *Drowning Paris in Mississippi Tears or The Groaning Road: The True Story* (the "True Story") and *Drowning Paris in Mississippi Tears or The Groaning Road: A Synopsis of the Fictionalized Story* (the "Fictionalized Story"). The district court dismissed the complaint, finding that no infringement occurred because the miniseries was not substantially similar to the short stories. Montgomery appeals the dismissal moves to strike the appellees' brief, and moves to view purportedly sealed documents.[1] We

_____

[1] Montgomery's motion to strike appellees' brief is denied; the brief was filed in accordance with our scheduling order. In addition, Montgomery's motion to view "sealed documents" is moot, because (despite the notation on the docket) there are no sealed documents in this case. The items in question are not retrievable from the electronic docket because they are not ordinary documents but physical exhibits such as a copy of the Ira Levin novel and DVDs of the Roman Polanski film

assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo both a district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and its grant of a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *See Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010) (Rule 12(c)); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (Rule 12(b)(6)). "In deciding Rule 12(c) motions, we employ the same standard applicable to Rule 12(b)(6) motions to dismiss, accepting all factual allegations in the Complaint as true and drawing all reasonable inferences in the nonmoving party's favor." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 78 (2d Cir. 2015) (internal quotation marks and alterations omitted). To survive either motion, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *WC Capital Mgmt., LLC v. UBS Secs., LLC*, 711 F.3d 322, 328 (2d Cir. 2013). In addition to the complaint, we may consider "any written instrument attached to it as an exhibit or . . . documents incorporated in it by reference." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). Pro se filings are liberally construed to raise the strongest arguments they suggest. *See Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

To state a claim for copyright infringement, a "copyright owner must demonstrate that (1) the defendant has actually copied the plaintiff's work; *and* (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 110 (2d Cir. 2001) (internal

---

and the miniseries itself. The record reflects that Montgomery was served with the items in question.

3

quotation marks omitted) (emphasis in original). Here, the district court only considered the issue of substantial similarity.[2] *See Walker v. Time Life Films, Inc.*, 784 F.2d 44, 52 (2d Cir.1986) (declining to decide the issue of actual copying because no substantial similarity existed between the two works).

The test for substantial similarity is "whether, in the eyes of the average lay observer, [one work is] substantially similar to the protectible expression in the [other]." *Williams v. Crichton*, 84 F.3d 581, 587 (2d Cir. 1996). One cannot copyright ideas, *scenes a faire*,[3] or stock characters and themes. *Id*. at 587–88. In evaluating substantial similarity, "we are principally guided by comparing the contested design's total concept and overall feel with that of the allegedly infringed work." *Peter F. Gaito Architecture LLC v. Simone Dev. Corp.*, 602 F.3d 57, 66 (2d Cir. 2010) (internal quotation marks omitted). In addition, we consider commonalities in the works' "theme, characters, plot, sequence, pace, and setting." *Williams*, 84 F.3d at 588. The absence of substantial similarity can be decided as a matter of law on a motion to dismiss. *Peter F. Gaito Architecture LLC*, 602 F.3d at 64.

Here, the "total concept and overall feel" of the miniseries is very different from the two short stories. *Id.* at 66 (internal quotation marks omitted). The True Story is a naturalistic character sketch that closes with the mysterious disappearance of the narrator's close friend after

---

[2] Accordingly, the district court's description of Montgomery's stories as "unpublished" played no role in its analysis, and any error on that point would have been harmless. Likewise, Montgomery's arguments regarding Holland's access to her work miss the mark because access is probative of actual copying, but not substantial similarity. *See Boisson v. Banian, Ltd*, 273 F.3d 262, 267–68 (2d Cir. 2001).

[3] *Scenes a faire* are "sequences of events which necessarily follow from a common theme" or "plot situation[]." *Reyher v. Children's Television Workshop*, 533 F.2d 87, 91 (2d Cir. 1976).

he moves in with a pair of elderly Nazis. The Fictionalized Story appears to be the opening portion of a Nazi-hunting thriller. By contrast, the miniseries is a horror story in which a group of Satanists employ supernatural powers to commit gruesome murders, and rape and impregnate the protagonist.[4]

Montgomery argues that the district court failed to apply the "pattern" test, under which, she contends, the works are substantially similar. This test conceives of a copyright as "cover[ing] the 'pattern' of [a] work . . . the sequence of events, and the development of the interplay of characters." *Warner Bros. Inc. v. Am. Broad. Cos., Inc.*, 720 F.2d 231, 240 n.7 (2d Cir. 1983) (quoting Zechariah Chafee, Jr., *Reflections on the Law of Copyright,* 45 Colum. L. Rev. 503, 513–14 (1945)) (ellipses in original). She also argues that the district court overlooked significant similarities between the miniseries and her short stories, including the "plot, the verbatim dialogue within similar scenes spoken by similar characters in a similar settings, [and] the exact dates in the . . . works." Appellants' Br. at 24. Given the absence of any recognizable similarity between the protectable elements of the works, these arguments are unavailing.

A review of the three works at issue in this case reveals that their plots are entirely dissimilar. Montgomery identified common plot elements in her amended complaint—including an interracial friendship, an investigation, a mysterious disappearance, and an incident involving a strange photograph. But her list merely "emphasizes random similarities scattered throughout the works," and such a list "cannot support of finding of substantial similarity because it fails to

---

[4] Although the miniseries is based largely on Ira Levin's 1967 novel *Rosemary's Baby* and the subsequent 1968 theatrical motion picture of the same name, directed by Roman Polanski, the district court did not review those works or consider their relationship to the miniseries, since the question of copying was not before it.

address the underlying issue: whether a lay observer would consider the works as a whole substantially similar to one another." *Williams*, 84 F.3d at 590 (internal quotation marks omitted). The portions of dialogue that Montgomery identified as "verbatim" in her complaint are limited to isolated word choices, short common phrases, and purportedly similar expressions of common ideas, such as the concept of feeling transported in time. But copyright protections "extend[] only to those components of a work that are original to the author"—that is, those that are "independently created by [the] author" and "come[] from the exercise of the creative powers of the author's mind." *Boisson v. Banian, Ltd*, 273 F.3d 262, 268 (2d Cir. 2001). These isolated words, phrases, and concepts lack the originality required for copyright protection. Moreover, the settings of cafés, bridges crossing the Seine, apartments, and parties are all *scenes a faire* arising from the works' respective depictions of Americans living in Paris, and therefore are not protectable. *Cf. Williams*, 84 F.3d at 589 (while two works shared "a setting of a dinosaur zoo or adventure park, with electrified fences, automated tours, dinosaur nurseries, and uniformed workers, these settings are classic *scenes a faire* that flow from the uncopyrightable concept of a dinosaur zoo"). Finally, Montgomery's allegations regarding common significant dates in the works are difficult to follow. She largely appeared to draw connections between dates or spans of time appearing in the miniseries (or associated with its production) and events in her own life, rather than within her copyrighted work. Montgomery also appeared to argue that all three works refer to a disappearance that occurred in the 1980s. Like the other alleged similarities, this is a trivial element of the works and is not an original expression protectable by copyright. *See Boisson*, 273 F.3d at 268.

In sum, the district court properly concluded that no reasonable jury could find that the

6

similarities between the works were sufficient to prove "a substantial similarity exists between the [miniseries] and the protectible elements of [the short stories]." *Yurman Design, Inc.*, 262 F.3d at 110. The absence of substantial similarity is dispositive of Montgomery's copyright claims, regardless of the identity of the defendants. Accordingly, to the extent that Montgomery challenges the district court's decisions dismissing unserved defendants and striking her second amended complaint, which attempted to add defendants, any error by the district court was harmless. Montgomery's arguments regarding the time she was granted to file her brief in this Court have no bearing on whether the district court erred in dismissing her complaint and do not compel a different result: she does not identify any arguments that she was unable to raise in her brief, and she did not request leave to file an amended complaint.

We have considered all of Montgomery's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court, **DENY** Montgomery's motion to strike the appellees' brief, and **DENY** as moot Montgomery's motion for us to consider purportedly sealed records in the district court docket and her motion to view the same.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7